KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
P. Bradley O'Neill
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for RWNIH-DL 122nd Street 1 LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
HANS FUTTERMAN,                                                  :    Case No. 17-12899 (MEW)
                                                                 :
                    Debtor.                                      :
                                                                 :
----------------------------------------------------------------- X

**LIMITED OBJECTION OF RWNIH-DL 122ND STREET 1 LLC TO APPLICATION OF SHAFFERMAN & FELDMAN LLP FOR A FINAL AWARD OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR**

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

    RWNIH-DL 122nd Street 1 LLC ("**RWN**") hereby submits this limited objection (the "**Limited Objection**") to the *Application of Shafferman & Feldman LLP for a Final Award of Compensation for Services Rendered and Reimbursement of Expenses as Counsel for the Debtor* [Dkt. No 52] (the "**Fee Application**") filed by Shafferman & Feldman LLP (the "**Former Counsel**"), former counsel to Hans Futterman (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**") and respectfully submits the following:

## BACKGROUND

    1.  Former Counsel represented the Debtor in this Chapter 11 Case from October 17, 2017 through December 28, 2017 (the "**Compensation Period**"). According to the Fee Application,

during this time, Former Counsel incurred professional fees of $19,650 and $3,317 of expenses.  *See* Fee Application at ¶ 1.

2. According to the Schedules of Assets and Liabilities filed by the Debtor, as well as testimony of the Debtor at the meeting held by the Office of the United States Trustee under section 341 of the Bankruptcy Code (the "**341 Meeting**"), the Debtor currently has no cash and has not had an income in approximately two years.  *See* 341 Meeting Tr. at 11:6-15 (Bankr. S.D.N.Y. Dec. 4, 2017).  The Debtor's primary means of repaying creditors in this Chapter 11 Case will be to sell property associated with his two primary assets—equity interests in entities that own real property in Manhattan.

3. As the Court is aware, RWN has filed a motion seeking to appoint a chapter 11 trustee or, in the alternative, convert the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code [Dkt. No. 57] (the "**Conversion Motion**").  As of this date of this Limited Objection, this Court has not yet heard argument for, or ruled on, the Conversion Motion.

## LIMITED OBJECTION

4. The Fee Application is premature.  No decision on whether there was any benefit to the Debtor's estate and creditors from the services of any professional, including Former Counsel, should be made at this stage of the Chapter 11 Case, particularly before the Court has heard the Conversion Motion.

5. The timing for payment of administrative expense claims "other than at the close of the case, is within the discretion of the Court."  *In re King*, 392 B.R. 62, 67-68 (Bankr. S.D.N.Y. 2008) ("[T]he court's discretion as to the timing of administrative payments should be used to ensure the orderly and equal distribution among creditors . . . especially if there is a doubt as to the administrative solvency of the debtor overall.") (internal citation omitted).  At this early stage in the chapter 11 case, it is unclear whether the Debtor's estate will be administratively insolvent, as the Debtor has no income from which to pay creditors and the sale process for the Debtor's assets (the more material of which assets are subject to liens in favor of RWN) has not begun.  It is also unclear whether Former Counsel's services have

benefitted the estate (as opposed to the individual Debtor), particularly since counsel is being replaced by new counsel to handle matters that Former Counsel has previously advised fall outside of the intended scope of his retention (e.g., handling disputes with RWN and the 2280 parties).

6. Additionally, should the Court grant the Conversion Motion and convert the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, Former Counsel's fees and expenses would be subordinated to any fees and expenses incurred by a chapter 7 trustee. *See* 11 U.S.C. § 726(b); *see also King*, 392 B.R. at 67 ("The § 726(b) exception subordinates claims by preconversion professionals retained pursuant to § 327 that are otherwise entitled to administrative expense status for fees pursuant to § 330(a) and § 503(b) to chapter 7 trustee postconversion expenses."). This subordination has been found to be "sufficient grounds to withhold payments to preconversion professionals or even disgorge payments previously made." *Id.* at 69. Former Counsel should not receive payment for fees and expenses before this Court has heard the Conversion Motion, and before the Chapter 11 Case has been administered. At a minimum, any chapter 7 trustee should be given the opportunity to review and object to any fee request of Former Counsel and other estate professionals. The Fee Application is therefore premature.[1]

---

[1] RWN reserves the right to raise additional, substantive objections on the specific fees and expenses sought should the Court determine to proceed on the merits of the request at this time.

**CONCLUSION**

For the reasons set forth herein, RWN respectfully requests that the Court (i) adjourn the Fee Application until such time as the Chapter 11 Case has been fully administered and (ii) grant such other and further relief as the Court deems just and proper.

Dated: January 16, 2018
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Adam C. Rogoff
Adam C. Rogoff, Esq.
P. Bradley O'Neill, Esq.
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for RWNIH-DL 122nd Street 1 LLC*