

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Scott S. Markowitz, Partner
Email: smarkowitz@tarterkrinsky.com
Phone: (212) 216-8005

April 16, 2018

- *Via Email* -

Honorable Michael E. Wiles
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 617
New York, New York 10004-1408

Re:   **In re Hans Futterman, Chapter 11 Case No. 17-12899 (MEW)**

Dear Judge Wiles:

  This firm represents Hans Futterman (the "**Debtor**"), the debtor-in-possession in the above-referenced case.

  We submit this letter in connection with the hearing in the case to be held this Friday, April 20, 2018 with respect to, among other matters, the Debtor's pending objection (the "**Claim Objection**") to the deficiency claim (the "**Deficiency Claim**") of RWNIH-DL 122nd Street 1, LLC ("**RWN**"), and RWN's pending motion to appoint a Chapter 11 trustee and/or to convert the Debtor's Chapter 11 case to one under Chapter 7 (the "**Trustee Motion**").

  Pursuant to Your Honor's directive issued at the April 3, 2018 status hearing in the Debtor's case, RWN delivered to us late in the afternoon this past Friday, April 13, 2018, a copy of the sale contract (the "**Sale Contract**") for the so-called Ladera Assets by and between RWN's designee, West 122 Associates LLC, as seller, and        entity as purchaser. Most significantly, the Sale Contract, entered into on January 11, 2018 – less than two (2) months after the November 14, 2017 closing on RWN's credit bid of $48.6 million (the "**Credit Bid**") -- provides for a purchase price
      We respectfully submit that

            purchase, clearly demonstrates that RWN's Credit Bid of $48.6 million was far from an accurate reflection of the true market value of the Ladera Assets, and compels the extinguishment of RWN's $10 million-plus Deficiency Claim.

  Such extinguishment of its Deficiency Claim would deprive RWN -- the only party which seeks in this case the relief sought by way of its Trustee Motion – standing to make such

1

{Client/084361/1/01538668.DOCX;1 }

motion. See e.g., In re Teligent, Inc., 417 B.R. 197, 209 (Bankr. S.D.N.Y. 2009), aff'd sub nom. In re Telignet Servs., Inc., No. 09 CIV. 09674 (PKC), 2010 WL 2034509 (S.D.N.Y. May 13, 2010), aff'd sub nom. In re Teligent, Inc., 640 F.3d 53 (2d Cir. 2011) ("standing is a threshold issue in every federal litigation"). Accordingly, we respectfully submit that on the basis of the aforesaid documentary evidence, this Court should grant the Claim Objection, disallow RWN's Deficiency Claim, and deny RWN's Trustee Motion for lack of standing.

Alternatively, we respectfully request that any hearing on the Trustee Motion be held in abeyance pending the conducting of discovery with respect to the Debtor's Claim Objection. Back in January of this year, we served upon RWN a document demand and a Rule 30(b)(6) deposition notice, which discovery requests remain outstanding. In addition, we intend to serve imminently discovery requests upon Happy Living, which curiously was the only entity that was ultimately allowed to bid against RWN at the auction of the Ladera Assets and stopped bidding at the amount of $48,100,770             We believe the additional documentation and information obtained through such discovery not only will substantiate the meritlessness of RWN's Deficiency Claim, but will also show whether there was any collusion or other impropriety with respect to the auction process that would justify a motion by the debtors in the Ladera cases pending before Your Honor pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Section 363(n) of the Bankruptcy Code. As your Honor may recall, unsecured creditors of Ladera are owed approximately $3 million.

For the foregoing reasons, the Debtor respectfully requests the Court immediately schedule a chambers conference to set a procedure for adjudicating the Claim Objection prior to hearing the Trustee Motion which is scheduled for Friday. We are available at any time this week. In view of the stipulated confidentiality order entered by your Honor earlier today, we have not filed this letter on the Court's public docket.

We thank Your Honor for your time and consideration respecting these matters.

Respectfully submitted,

Scott S. Markowitz

JM:js

cc: Adam C. Rogoff, Esq. (by email)
    Bradley O'Neill, Esq. (by email)
    Brian S. Masumoto, Esq. (by email)